# Chauncy Swan, Commissioner, plaintiff in error, vs. John R. Ewing, et al., defendants in error.

## Error to Dubuque.

Where A. purchases from B., a town commissioner, a lot of land, and pays 25 per cent in advance, and gives his note for the balance of the purchase money, if B. by mistake gives a certificate for a different lot, and the lot which was designed to be sold to A. is sold to a different person, upon a suit brought upon A's. notes, he will be permitted to show, by parol evidence, the mistake, and that the notes were given without a legal consideration. And a plea to set off the amount paid in advance, is good. Here the mutuality of the demands, has relation to the funds.

This was an action of assumpsit brought by Chauncy Swan, (late acting commissioner of Iowa City, who sued for the use and benefit of the territory of Iowa,) against John R. Ewing and James G. Chatham, upon three notes for sixty-six dollars and twenty-five cents each, dated August 19, 1839, and payable six months after date to Swan, acting commissioner, &c. The declaration is in the usual form, without any of the common counts.

The defendants plead the general issue with notice of failure of consideration, in consequence of the mistake in the sale of lots for which said notes were given, set off, &c.

At November term 1843, judgment was rendered for the defendants for the money advanced, to wit: $66,25. The plaintiff sued out a writ of error from this court.

The following bill of exceptions sets forth all the errors assigned in the case.

" Be it remembered that on the trial of this cause defendants produced witnesses to prove that the notes in the declaration mentioned, were given for the three last instalments due for the purchase of a lot in Iowa City, at the public sale of lots of said city in August 1839. That defendants at said sale bid off lot No. 4, in block No. 97, and not lot No. 3, of same block. That the certificate of purchase given defendants by said Swan, of purchase of lot, was made out for lot No. 3 by mistake instead of lot No. 4. That the next morning after the sale and after the first instalment of the purchase money was made, and after said certificate was made out, said defendants discovered said mistake and ap-

plied to said Swan to correct the same, who excused himself from doing so then on the plea of want of tme. That they again subsequently applied to him to correct said mistake, when he replied that he could not do it, for he had sold the lot to another man. To proving all which, plaintiff by his counsel objected, which objection was overruled by the court, and said testimony permitted to be given.

"The defendants then offered in evidence the conditions of said sale as follows :

"Iowa City, October 7, 1839.

"Ordered, by the Board of Commissioners at Iowa City, that the following be the terms of the second sale of lots, viz: In all cases the highest bidder above the minimum price shall be the purchaser ; one fourth of the purchase money will be required in hand, the balance to be paid in three equal instalments without interest, at six, twelve and eighteen months. Should any purchaser fail to pay either of the instalments as they fall due, whatever money has been paid will be forfeited and the lot sold again at the next succeeding sale. All purchasers are required to pay their first payment and take their certificate within two days from the close of sale, or otherwise forfeit their bids.

"C. SWAN,
"JOHN RONALDS, &#125; Commissioners.

"The above are the conditions of the sale of lots in Iowa City at the first sale, also, except so much of the above, as requires the purchasers to take their certificates within two days from the close of sale, or otherwise forfeit their bids. "C. SWAN,
"Late acting Commissioner.

"And also proved that the said Chauncy Swan, the plaintiff, admitted said paper to be the conditions of sale as therein stated. To which, being given in evidence, plaintiff also objected, which objection was by the court overruled, and said paper received as evidence of the conditions of sale.

"Defendants also produced to the court the certificate of the sale to them of lot No. 3, in block No. 97, in which a mistake was alleged to have occurred, as aforesaid, and also proved the payment of the first instalment on their said bid, to the said plaintiff, amounting to the sum of $66,25. To the proving of the last above item the plaintiff objected, but said objection was overruled by the court.

44

" The following is a copy of the certificate of purchase above referred to.

" TERRITORY OF IOWA, IOWA CITY,  
" Office of Commissioners of Public Buildings.

"I Chauncy Swan, Acting Commissioner of Public Buildings at the seat of government for the territory aforesaid, do hereby certify that John R. Ewing and J. G. Chatham of the county of Dubuque, in the territory of Iowa, this day purchased lot No. 3, in block No. 97, in the city of Iowa, the established seat of government of the territory aforesaid, and having complied with the terms of sale, the said John R. Ewing and J. G. Chatham, their heirs or assigns are entitled to a deed of conveyance in fee simple to said lot, so soon as the title is obtained from the government of the United States, for which conveyance the faith of the territory of Iowa is hereby pledged.

" Given under my hand this 19th day of August, A. D. 1839.

"C. SWAN,  
" Acting Commissioner of Public Buildings.

" The plaintiff then offered in evidence the following certificate, to wit :

" OFFICE OF TERRITORIAL AGENT,  
" Iowa City, May 10th, 1843.

" I certify that lot number three, (3) in block number ninety-seven, (97) as recorded in the plat of Iowa City, was sold by Chauncy Swan, as acting commissioner, on the 19th day of August, in the year 1839, for the sum of $265,00, and that Ewing and Chatham were the purchasers, as appears from the record of sales in this office.

" Given under my hand this 10th day of May, 1843.

" JNO. M. COLEMAN,  
" Territorial Agent.

" It was admitted by the defendants that the persons named in the above certificate, are the same as mentioned as defendants in this suit. Whereupon the plaintiff moved the court to render judgment in favor of said plaintiff for the amount of said notes with interest. But the court refused, and rendered judgment for the defendants for the sum of $66,25 to which the plaintiff by his counsel excepted," &c.

A. THOMAS, for plaintiff in error.

DAVIS & CRAWFORD, for defendants in error.

PER CURIAM, MASON, CHIEF JUSTICE.—The first question we shall consider is, whether the parol evidence of want of consideration was properly admitted in the court below. That evidence was to the effect that the notes on which suit was brought, were given to secure a part of the purchase money for a certain lot of ground in Iowa City, which had been purchased at a public sale of lots, and that by fraud or mistake of the acting commissioner, a receipt was given for a different lot, while the one actually purchased was afterwards sold to another person.

This evidence was clearly admissible. It will not be disputed that in a case like the present, the defendant is permitted to show that the notes were given without consideration. Scarcely anything is more common in our courts than such a defence sustained by such proof. This is really all that was done in the present case, so far as respects the matter we are now considering. The lot was purchased, the notes executed therefor, and then before any deed or written evidence of sale had been executed, the lot was sold to another individual. Here is a total want of consideration. The fact that a receipt was executed to the defendants for another lot does not change the aspect of the case. The purchaser was under no obligation to accept of any lot except that which he had bought.

The fact that the commissioners were a corporate body, or were required to keep a record, makes no difference in this respect. No party is permitted to make evidence for himself; much less will he be allowed to make evidence which the other party will not be permitted to contradict in the ordinary mode.

It is further objected that the defendants were allowed to introduce the written conditions of the second sale, without it being shown by sufficient evidence that they were the conditions of the first sale. Neither does it sufficiently appear by the record that the lots were sold at the first sale. But even if that had appeared, we think the substantial identity of the conditions of the two sales was sufficiently shown by the written admission of the acting commissioner, to whom the notes were executed and in whose name the present suit was brought.

The only remaining question to be considered, is in relation to the setoff which the defendants were permitted to prove, and under which they recovered a verdict. It is objected in the first place that the notice is not sufficiently definite. We think otherwise. The notice sets forth that the defendants claim the money paid by them at the time they made their purchase, amounting to twenty-five per cent of the entire price they were to have paid for the lot. They claim that this amount

is due them from the said plaintiff. Now, Swan himself, individually, is not the plaintiff. The demand is against him as commissioner.

Again it is said that this claim cannot be set off because the respective demands were not mutual at the time the suit was commenced. We should find it difficult to conceive what demands were mutual if these were not so. A lot is sold by a duly authorized commissioner. One fourth part of the money is paid down and notes given for the balance. Suit is brought on these notes which the defendants not only refuse to pay but they claim back the amount already paid. They claim their setoff out of the same fund into which their money is to be paid if recovered in this suit. On the one hand it is claimed that they are indebted to this fund, on the other that the fund is indebted to them. The demands are mutual.

Finally, it is insisted that the set off is not in the same right as the demand, because if the contract is void on account of the mistake in regard to the lots, then the money paid to Swan was received in his own right. This by no means follows. The lot was sold by Swan as commissioner, the money paid to him as such. It is to be presumed that he did his duty and placed the money among the funds of the real plaintiff in this suit. That plaintiff has sanctioned the act of the commissioner by bringing this suit and urging the payment of the remainder of the money claimed to be due by virtue of this sale. It would be wholly unjust to allow this plaintiff, while thus waging the war on the one hand, to claim exemption from liability on the other.

We therefore think there was no error below.

Judgment affirmed.